IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ALBERT MILLER                                                               PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:08cv267-TSL-JCS

CHRISTOPHER EPPS, ET AL.                                      DEFENDANTS

REPORT AND RECOMMENDATION

This cause comes on this date before the undersigned United States Magistrate Judge, an Order of Reference having been entered herein. The undersigned held a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), during which the Plaintiff was given an opportunity to elaborate upon his complaint and the claims contained therein. The Plaintiff is proceeding in this matter *pro se* and *in forma pauperis*. 28 U.S.C. § 1915. This matter has been referred to the Magistrate Judge pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b). Based on the complaint and Plaintiff's testimony at the Omnibus Hearing, the Court finds that this matter should be dismissed as frivolous with prejudice as to all Defendants. 28 U.S.C. § 1915(e).

I. FACTS AND PROCEDURAL HISTORY

During the Omnibus Hearing, the Plaintiff Miller was given the opportunity to discuss his claims and clarify the facts supporting the complaint. Plaintiff related that he had been an inmate in the Mississippi Department of Corrections ("MDOC") for ten years, with a projected release date of early to mid-2009. Throughout his time in the MDOC, Plaintiff has been housed at various facilities, each with varying enforcement of the MDOC's anti-smoking policy. In

particular, he is aggrieved with the lack of enforcement of this policy that he was forced to endure for nine months at the Green County facility, which according to his complaint, is more specifically the South Mississippi Correctional Institution ("SMCI") located in Leakesville, Mississippi. Plaintiff, who testified at the Omnibus Hearing that he has suffered from asthma since he was a child and whose asthma diagnosis was confirmed by prison doctors, alleges that he suffered considerably at SMCI because of the lack of enforcement of the MDOC's anti-smoking policy. Plaintiff admitted in the Omnibus hearing that, despite his asthmatic condition, he is a smoker, he smokes up to one pack of cigarettes per day, and he has smoked for over ten years. He alleges, however, that he wishes to quit smoking and wants others around him to quit smoking, but that his efforts to quit are hampered by MDOC's lack of enforcement of its own anti-smoking policy.

Plaintiff has brought this § 1983 action against Christopher Epps, the Commissioner of the MDOC, and the American Correctional Association, allegedly the national association which rates correctional facilities. In his complaint, Miller alleges that he informed the Defendants of his smoking addiction in 2004. (Document No. 1 at p. 2.) In response to a Court order requesting further information about his claim, Plaintiff stated that he contacted Epps and the Defendant American Correctional Association about smoke in his housing unit on or about April 10, 2008. It is unclear to the Court in which facility he was housed in April 2008 and about which facility he complained at that time. He did relate at the hearing, however, that he is not complaining about the facility in which he is currently housed, but that his claims were directed to the defendants regarding the conditions he endured at SMCI during an unspecified nine-month period.

2

Plaintiff has not provided proof that he has exhausted his administrative remedies, arguing, instead, that because his health is in danger and that because the MDOC failed to respond to his ARP within the statutory period provided for the State's response, he is not required to exhaust administrative remedies before proceeding to this forum. Although Plaintiff's failure to exhaust administrative remedies provides a basis for dismissal at this juncture, see Porter v. Nussle, 122 S.Ct. 983 (2002), in an abundance of caution the undersigned will address his claims.

## II. CLAIMS

Turning to his claims, in this § 1983 action the Plaintiff alleges that he has suffered personal injuries, including lung disease, headaches, and pain, as a result of the Defendants' failures to enforce their anti-smoking rules and policies. He alleges that the State has violated its own laws regarding smoking in state buildings. He also alleges that the ACA has violated its own standards regarding tobacco use. Finally, he alleges that these failures have resulted in a violation of his Eighth Amendment right to a smoke-free environment.

## III. DISCUSSION

### A. Claims against the ACA

The Court will address the claims in turn. With regard to the Plaintiff's claims against the ACA, the Plaintiff fails to state a claim upon which relief may be granted. At best, one must follow a most strained, tenuous thread of logic to reach the Plaintiff's desired result in this forum. Plaintiff alleges that the ACA, a non-governmental entity, has failed to follow its own policies by accrediting the MDOC. In Plaintiff's complaint, he acknowledges that the ACA is an "accreditation association" and is not an arm of the state, nevertheless, he holds the ACA

3

responsible for his injuries. Complaint at 1. Even if the ACA violated its own policies by accrediting the MDOC, thereby eventually resulting in Plaintiff's injuries, Plaintiff cannot escape the fact that the ACA is a non-governmental entity, not acting under color of state law. Section 1983 "protects all persons from 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws', if those deprivations are caused by persons who are acting under color of state law." Jones v. Diamond, 594 F.2d 997, 1011 (5th Cir. 1979). Accordingly, Plaintiff cannot state a § 1983 claim against the ACA. Furthermore, if any state law claims against the ACA can be interpreted from the Plaintiff's vague complaint, the undersigned declines to address them in this forum. Id. It follows, therefore, that all of the Plaintiff's claims against the ACA should be dismissed.

## B. Claims against Epps

The Court next addresses the Plaintiff's claims against Christopher Epps, the Commissioner of the MDOC. Plaintiff alleges that Epps has caused his personal injuries by failing to enforce state laws against smoking in state facilities. This failure, Plaintiff alleges, constitutes deliberate indifference in violation of his Eighth Amendment rights and violates his right to a smoke free environment. Plaintiff alleges that he contacted Defendant Epps about the tobacco smoke in his housing unit on or about April 10, 2008. (Document number 8.) It is unclear from the Plaintiff's testimony and from his pleadings where he was housed on April 10, 2008. At the Omnibus hearing, however, the Plaintiff did make clear that his claims were directed to the defendants regarding the conditions he endured at SMCI during an unspecified nine-month period.

During the Omnibus Hearing, the Plaintiff testified that he has suffered from asthma since

4

he was a child.  He also alleges that prison doctors have confirmed this diagnosis.  Nevertheless, despite his asthma, Plaintiff admits he has been a smoker since 1998 and smokes up to one pack of cigarettes a day.  At the Omnibus Hearing, the Plaintiff related that while he is a smoker, he desires to quit and wants others around him to quit smoking.

"To state an Eighth Amendment violation based on exposure to secondhand smoke, a prisoner must prove objectively that he is 'being exposed to unreasonably high levels of ETS.'" Murrell v. Casterline, 2008 WL 822237, *1 (5th Cir. Mar. 25, 2008)(quoting  Helling v. McKinney, 509 U.S. 26, 35 (1993)).  Second, "the prisoner must show subjectively that prison authorities demonstrated a 'deliberate indifference' to his plight."  Id.   While the Eighth Amendment arguably protects prisoners from exposure to unreasonably high levels of secondhand smoke created by other prisoners, it cannot logically protect the Plaintiff against firsthand smoke created by the Plaintiff himself.  Plaintiff admits that he has smoked since 1998, which is before he entered the MDOC system in 1999, and that he continues to smoke about one pack of cigarettes per day, despite his asthmatic condition.  In other words, Plaintiff's claims are for injuries allegedly resulting not only from secondhand smoke, but also from his exposure to self-created environmental tobacco smoke in an unspecified, remote-in-time, nine-month period in a facility in which he is no longer housed.  Because Helling identified limited Eighth Amendment protections from secondhand smoke, and not firsthand, self-created smoke, the Plaintiff's claim cannot stand and should be dismissed as frivolous.[1]  The Court declines to

---

[1] The term "frivolous" in the context of  28 U.S.C. § 1915(e) does not mean that the plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim."  Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991).  In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).  Thus, a case may be found to be legally "frivolous"

address any remaining state law claims against Epps.

## IV. CONCLUSION

For the reasons discussed in this Report and Recommendation, the undersigned finds that the Plaintiff's claims fail to rise to the level of constitutional violations and should be dismissed as frivolous without prejudice.

Parties are hereby notified that failure to file written objections to the proposed findings, conclusions and recommendations within ten (10) days after being served with a copy of the Report and Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Automobile Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).

Respectfully submitted, this the __4th__ day of February, 2009.

                                            S/ James C. Sumner
                                      UNITED STATES MAGISTRATE JUDGE

---

where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).